IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| Cesar Dominguez, | ) |
|                     Plaintiff. | ) |
|   v. | ) |
| | ) |
| Fajitas Mexican Restaurant of Frankfort, Inc., FMRM5 | ) |
|   Incorporated d/b/a Fajitas Mexican Restaurant of | ) |
|   Midlothian, Fajitas Mexican Restaurant of Tinley Park, Inc., | ) |
|   Fajitas Mexican Restaurant, Inc., Walter Narsolis, and | ) |
|   Amarie Narsolis, | ) |
| | ) |
|                     Defendants. | ) |

**COMPLAINT**

**Now comes** Plaintiff Cesar Dominguez ("Plaintiff"), by his attorneys, Daniel I. Schlade and James M. Dore/Dore Law Offices LLC, pursuant to 29 U.S.C. § 201 et seq., commonly known as the Fair Labor Standards Act ("FLSA"), and complains against Defendants Fajitas Mexican Restaurant of Frankfort, Inc. ("Fajitas Frankfort"), FMRM5 Incorporated d/b/a Fajitas Mexican Restaurant of Midlothian ("Fajitas Midlothian"), Fajitas Mexican Restaurant of Tinley Park, Inc. ("Fajitas Tinley Park"), Fajitas Mexican Restaurant, Inc. ("Fajitas Mexican Restaurant"), Walter Narsolis, and Amarie Narsolis, (all defendants are cumulatively referred to as "Defendants") and in support of this Complaint, states:

<u>Introduction</u>

1. This action seeks redress for Defendants' willful violations of the FLSA and Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours in a week.

2. Upon information and belief, Defendants have failed to keep proper time records tracking Plaintiff's time worked and have failed to post a notice of rights.

3. Defendants' unlawful compensation practices had the effect of denying Plaintiff his earned and living wages.

## Parties

4. Plaintiff is a resident of Cook County, Illinois; and he is a former employee of Defendants.

5. Defendant Fajitas Frankfort is an Illinois corporation operating in or near Frankfort, Illinois. On information and belief, Defendant was opened prior to 2017, and is currently operating.

6. Defendant Fajitas Midlothian is an Illinois corporation operating in or near Midlothian, Illinois. On information and belief, Defendant was opened prior to 2017, and is currently operating.

7. Defendant Fajitas Tinley Park is an Illinois corporation operating in or near Tinley Park, Illinois. On information and belief, Defendant was opened prior to 2017, and is currently operating.

8. Defendant Fajitas Mexican Restaurant is an Illinois corporation operating in Cook County, Illinois. On information and belief, Defendant was opened prior to 2017, and is currently operating.

9. Defendant Walter Narsolis is the President and Secretary of record with the Illinois Secretary of State for Defendant Fajitas Frankfort, Defendant Fajitas Midlothian, and Defendant Fajitas Mexican Restaurant; Defendant Walter Narsolis is the President of

record with the Illinois Secretary of State for Defendant Fajitas Tinley Park. In addition, he was the "boss" of all employees at the corporate Defendants, including Plaintiff; on information and belief, he is the owner, or one of the owners of the corporate Defendants. Upon information and belief, Defendant Walter Narsolis is a resident of Cook County, Illinois.

10. Defendant Amarie Narsolis is the Secretary of record with the Illinois Secretary of State for Defendant Fajitas Tinley Park. In addition, s/he was the "boss" of all employees at Defendant Fajitas Tinley Park, including Plaintiff; on information and belief, s/he is the owner, or one of the owners of the corporate Defendants. Upon information and belief, s/he is a resident of Cook County, Illinois.

## Jurisdiction And Venue

11. The Court possesses subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337 (actions arising under acts of Congress relating to commerce). The Court possesses supplemental jurisdiction over the state law claims, including the IWCPA claim, pursuant to 28 U.S.C. § 1367, because the claim is so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy, and arise out of the same underlying facts and transactions, under Article III of the United States Constitution.

12. Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Cook County, Illinois; and all parties to this lawsuit are residents of Cook County, Illinois.

## Facts Common To All Claims

13. Plaintiff worked at one or all of the Defendants since May 2017 until August 2019, and was paid on a bi-weekly basis.

14. At all times, Plaintiff held the same position at Defendants; he worked in the kitchen performing food preparation for the restaurant chefs, colloquially known as "food prep".

15. Throughout his employment, Defendants scheduled Plaintiff to work in excess of forty (40) hours per week. Plaintiff worked approximately 7 days per week, 12.5 hours per day, without granting any time off for meal breaks and other breaks. Accordingly, his work week averaged eighty-seven and 1/2 (87.5) hours per week throughout his employment.

16. From May 2017 to October 2017, Defendants paid Plaintiff $11.00 per hour for each hour worked. From November 2017 to November 2018, Defendants paid Plaintiff $13.00 per hour for each hour worked. From December 2018 to August 2019, Defendants paid Plaintiff $14.00 per hour for each hour worked.

17. Although Defendants scheduled Plaintiff to work in excess of forty (40) hours per, Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half his regular hourly rate of pay for all hours worked in excess of forty (40) hours.

18. Instead, Defendants paid Plaintiff his hourly rate of $11.00, $13.00, or $14.00 per hour for all hours worked, including hours worked in excess of forty (40) hours per week.

19. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

20. Plaintiff is not exempt from the provisions of the FLSA, and/or the IWCPA.

21. Defendants failed to pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed when he worked over forty (40) hours in a given workweek.

22. Defendants failed to pay Plaintiff the required minimum wage for each hour he worked.

<b>Count 1 - Violations of FLSA</b>

23. Plaintiff reincorporates by reference Paragraphs 1 through 22, as if set forth in full herein for Paragraph 23.

24. Defendant Fajitas Frankfort is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the food service industry.

25. Defendant Fajitas Midlothian is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the food service industry.

26. Defendant Fajitas Tinley Park is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the food service industry.

27. Defendant Fajitas Mexican Restaurant is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately-owned for-profit entity in the food service industry.

28. Defendant Walter Narsolis is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he is the President, Secretary, and/or manager of the corporate Defendants, and upon information and belief, he is the owner of the corporate Defendants; (2) he had the power to hire and fire the employees; (3) he supervised and controlled employee work schedules and conditions of employment; (4) he determined

the rate and method of payment for employees; and/or (5) he maintained employment records.

29. Defendant Amarie Narsolis is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) s/he is the President, Secretary, and/or manager of Defendant Fajitas Tinley Park and/or other corporate Defendants, and upon information and belief, s/he is the owner of the corporate Defendants; (2) s/he had the power to hire and fire the employees; (3) s/he supervised and controlled employee work schedules and conditions of employment; (4) s/he determined the rate and method of payment for employees; and/or (5) s/he maintained employment records.

30. Plaintiff is an "employee" as that term is used in Section 203 of the FLSA because he was employed by Defendants as a laborer, and he does not fall into any of the exceptions or exemptions for workers under the FLSA.

31. Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

32. Defendants did not compensate Plaintiff at a rate of at least one and one-half (1.5) times his regular hourly rate of pay for all hours worked in excess of forty (40) hours in his individual workweeks, and did not compensate Plaintiff at a rate of at least one and one-half (1.5) times the legal hourly rate of pay for all hours worked in excess of forty (40) hours in his individual workweeks.

33. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week violated the FLSA.

34. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

35. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) at least $34,746.25 in unpaid overtime wages and unpaid minimum wages; (ii) liquidated damages of at least $104,238.75; and (iii) Plaintiff's attorney's fees and costs, to be determined.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff, and against Defendants Fajitas Mexican Restaurant of Frankfort, Inc., FMRM5 Incorporated d/b/a Fajitas Mexican Restaurant of Midlothian, Fajitas Mexican Restaurant of Tinley Park, Inc., Fajitas Mexican Restaurant, Inc., Walter Narsolis, and Amarie Narsolis, jointly and severally, for:

A.  The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $34,746.25;

B.  An award of liquidated damages in an amount equal of least $104,238.75;

C.  A declaration that Defendants violated the FLSA;

D.  An award reasonable attorneys' fees and costs; and

E.  Any such additional or alternative relief as this Court deems just and proper.

### COUNT II: VIOLATION OF THE IMWL

36. Plaintiff reincorporates by reference Paragraphs 1 through 35, as if set forth in full herein for Paragraph 36.

37. This count arises from Defendants' violation of the IMWL, by: a) failing to pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks in violation of 820 ILCS 105/4(a)(1) and b) failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

38. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for all time worked.

39. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the Illinois-mandated minimum wage rate for the overtime hours s/he worked.

40. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

41. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks.

42. Defendants' failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks is a violation of the IMWL.

43. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff, and against Defendants Fajitas Mexican Restaurant of Frankfort, Inc., FMRM5 Incorporated d/b/a Fajitas Mexican Restaurant of Midlothian, Fajitas Mexican

Restaurant of Tinley Park, Inc., Fajitas Mexican Restaurant, Inc., Walter Narsolis, and Amarie Narsolis, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $34,746.25;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT III: VIOLATION OF THE IWCPA

44. Plaintiff reincorporates by reference Paragraphs 1 through 43, as if set forth in full herein for Paragraph 44.

45. Defendant Fajitas Frankfort is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois corporation and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

46. Defendant Fajitas Midlothian is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois corporation and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

47. Defendant Fajitas Tinley Park is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois corporation and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

48. Defendant Fajitas Mexican Restaurant is an "employer" as that term is defined in Section 2 of the IWCPA, because it is an Illinois corporation and restaurant where wage payments were made directly by the business for work undertaken by employees, including Plaintiff.

49. Defendant Walter Narsolis is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because he is an agent of one or multiple corporate defendants that knowingly permitted violation(s) the provisions of the IWCPA.

50. Defendant Amarie Narsolis is an "employer" as that term is defined in Sections 2 and 13 of the IWCPA, because s/he is an agent of one or multiple corporate defendants that knowingly permitted violation(s) the provisions of the IWCPA.

51. Plaintiff is an "employee" as that term is used in Section 2 of the IWCPA because he was employed by Defendants as a "food prep" worker, and he does not fall into any of the exceptions or exemptions for workers under the IWCPA.

52. Defendants violated the IWCPA by failing to pay Plaintiff any wages for his final three weeks of employment with Defendants, which unpaid wages total $1,300.00.

26. In addition, pursuant to Section 14 of the IWCPA, Plaintiff is entitled to recover interest on any unpaid wages at the rate of 2% per month, plus his costs of suit and reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter a judgment in favor of Plaintiff, and against Defendants Fajitas Mexican Restaurant of Frankfort, Inc., FMRM5 Incorporated d/b/a Fajitas Mexican Restaurant of Midlothian, Fajitas Mexican Restaurant of Tinley Park, Inc., Fajitas Mexican Restaurant, Inc., Walter Narsolis, and Amarie Narsolis, jointly and severally, for:

A.   The amount of unpaid wages, totaling at least $1,300.00;

B.   An award of 2% interest on all unpaid wages, accruing from the date the unpaid wages were owed through the date of judgment;

C.   A declaration that Defendants violated the IWCPA;

D.   An award reasonable attorneys' fees and costs; and

E.   Any such additional or alternative relief as this Court deems just and proper.


              /s/ James M. Dore

**Dore Law Offices LLC - James M. Dore (ARDC No. 6296265)**
**Daniel I. Schlade (ARDC No. 6273008)**
*Attorneys for Plaintiff*
134 N. La Salle St., Suite 1208
Chicago, IL  60602
P: 312-726-8401; F: 844-272-4628
E: james@dorelawoffices.com
Jmdore70@sbcglobal.net
danschlade@gmail.com


**Plaintiff Requests a jury demand for all counts applicable**