IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Cesar Dominguez, Samuel Aspeitia, and Marcelino Lopez Pasillas,** ) ) ) **Plaintiffs,** ) ) v. ) ) **Fajitas Mexican Restaurant of Frankfort, Inc., et al.,** ) ) **Defendants.** ) ) | **No. 20 CV 4052** **Judge Martha M. Pacold** **Magistrate Judge Jeffrey I. Cummings** |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs assert claims against defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1 et seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. 115/1 et seq. Before the Court is plaintiffs' motion for a miscellaneous order relating to defendants' conduct (Dckt. #37). For the reasons set forth below, plaintiffs' motion is denied without prejudice.

**I.    BACKGROUND**

This motion arises from plaintiffs' complaint that the individual defendants, Walter Narsolis and Amarie Narsolis, have contacted plaintiffs directly to settle this case without communicating through plaintiffs' counsel or their own counsel for that matter.[1] In particular, plaintiffs assert in their motion that:

> In and prior to February 2021, Defendants had contacted Plaintiffs directly to coerce them into settling the case. On February 12, 2021, Plaintiffs' counsel emailed Defendants' counsel and requested this conduct stop.

\* \* \*

---

[1] Defendants' counsel has filed a motion to withdraw and that motion is still pending.

1

> On June 30, 2021, Defendants Walter Narsolis and Amarie Narsolis called Cesar Dominguez several times and also called Marcelino Lopez Pasillas. Cesar picked up the phone call and told Defendants to speak to Plaintiffs' counsel. During the call, Defendants asked if Cesar had received funds from the Department of Labor. Defendants said they had paid the [D]epartment of [L]abor, could not pay Plaintiffs anything further, and demanded Cesar drop the lawsuit immediately. Cesar hung up immediately.
>
> Defendants have sought to contact Marcelino Lopez Pasillas directly via Facebook, again, in order to influence the prosecution of this case.

(Dckt. #37 at 2-3). Plaintiffs – who cite no legal authority in support of their motion – believe that the above actions by defendants constitute intimidation and harassment and they seek an order to bar defendants from contacting them. (Dckt. #37 at 3).

II.     **LEGAL STANDARD**

In effect, plaintiffs seek to have this Court impose a prior restraint upon defendants. *See Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 579 (5th Cir. 2005), *quoting Alexander v. United States,* 509 U.S. 544, 550 (1993) ("Prior restraints are 'administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur'"). Prior restraints impinge upon the First Amendment and they "are unconstitutional limitations on free speech except in exceptional circumstances." *Test Masters,* 428 F.3d at 579; *United Artists Corp. v. United Artist Studios LLC,* No. CV 19-828-MWF (MAAX), 2019 WL 6917918, at *6 (C.D.Cal. Oct. 17, 2019), *quoting R.A.V. v. City of St. Paul, Minn.,* 505 U.S. 377, 382 (1992) ("'The First Amendment generally prevents government from proscribing speech, or even expressive conduct, because of disapproval of the ideas expressed'"). As such, any proposed "system of prior restraints on communication bears a heavy presumption against its constitutionality." *Test Masters,* 428 F.3d at 579.

In this case, the communications at issue concern defendants' efforts to directly communicate with plaintiffs regarding settlement.[2] "Courts have consistently held that parties have a right to settle or compromise their litigation without the knowledge or consent of their counsel." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1122 (5th Cir. 1976); *Fid. Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.,* No. 00 C 5658, 2002 WL 1433717, at *7 (N.D.Ill. July 2, 2002) (same, quoting *Lewis* and noting that there is no rule that prohibits a "represented party [from] directly contact[ing] a represented opposing party"). Such direct communications between parties do not always succeed and may be ill-advised but they can blaze "the path to settlement of a dispute." *Att'y Grievance Comm'n of Maryland v. Trye,* 118 A.3d 980, 991 (Md. 2015). It is also universally recognized that "the settlement of litigation and the compromise of disputed claims are favored by the courts." *Lewis,* 534 F.2d at 1122 (citing cases).

Nonetheless, "[c]ourts have made a distinction between communication and harassment" and the latter – if sufficiently serious – can be enjoined without running afoul of constitutional protections. *Test Masters,* 428 F.3d at 580; *Myart v. Taylor,* No. SA: 5:16-CV-736-DAE, 2016 WL 576227, at *4 (W.D.Tex. Sept. 26, 2016) (same). As the Fifth Circuit has recognized, "[p]arties certainly do not have a right to obtain a settlement through duress, harassment, or overbearing conduct" and "[t]here is no reason the recurrent harassing conduct of a party in pursuit of a settlement may not be enjoined." *Lewis,* 534 F.2d at 1122; *see also Fid. Nat. Title,* 2002 WL 1433717, at *7 ("a party's harassment of or threats to an opposing party is considered bad faith conduct and may be subject to sanctions"). Whether party-to-party communications

---

[2] Plaintiffs do not claim that defense counsel instructed or encouraged defendants to circumvent plaintiffs' counsel by directly approaching plaintiffs regarding settlement. To the contrary, plaintiffs assert that defendants "have taken it upon themselves" to initiate the direct contact between the parties. (Dckt. #37 at 2).

3

regarding settlement are subject to restraint on the grounds that they constitute harassment or intimidation depends upon the factual record presented by the party who seeks relief.

### III.     ANALYSIS

As an initial matter, plaintiffs' request for an order that would bar defendants from making *any* contact with them is overbroad and improper. *See, e.g., Test Masters,* 428 F.3d at 580 (holding that although there was sufficient evidence to enjoin defendant from threatening or harassing plaintiff, the district court's order "swept too broad when it prohibited all communication" between defendant and plaintiff and plaintiff's employees and remanding for further consideration); *Jeffrey Katz Chiropractic, Inc. v. iBeat, Inc.,* No. 20-CV-02097-RS, 2020 WL 4459122, at *3 (N.D.Cal. May 26, 2020) (citing *Test Masters*); *Davis v. Living Tr. of Michael J. Fitzgerald,* No. 2:12-CV-1939 JCM NJK, 2013 WL 3427904, at *9 n.15 (D.Nev. July 8, 2013) (same).

The remaining question is whether plaintiffs have made a sufficiently strong showing that defendants' contacts with them regarding settlement have crossed the line from legitimate party-to-party efforts to resolve the parties' dispute over to impermissible harassment and intimidation. Plaintiffs assert that defendants directly contacted plaintiffs in February 2021 to attempt to settle the case. Plaintiffs provide no details as to how they were contacted, which defendants contacted them, or what defendants said during these contacts that plaintiffs believe to be coercive. Plaintiffs also assert that in late June 2021 defendants called plaintiff Dominguez "several times" and called plaintiff Lopez Pasillas once. Defendants spoke with Dominguez on one occasion to try to get him to drop the lawsuit because they believed that they had already paid him what he was owed through their payments to the Department of Labor. Dominguez told defendants to call plaintiffs' counsel and hung up the phone immediately. It appears that this was the only

actual conversation between defendants and a plaintiff in recent months. Defendants also sought, unsuccessfully, to contact Lopez Pasillas directly via Facebook. Plaintiffs' attorneys do not support the assertions in the motion with declarations/affidavits from plaintiffs themselves or with any other sworn evidence.

The Court finds that plaintiffs have failed to make a showing of "exceptional circumstances" sufficient to overcome the presumption against prior restraints and warrant the entry of an order enjoining defendants from contacting plaintiffs to settle the case. Plaintiffs provide no details regarding defendants' February 2021 contacts with them aside from noting that the contacts pertained to settlement – a legitimate topic about which the parties were free to converse. *See, e.g., Jeffrey Katz,* 2020 WL 4459122, at *4. The record further reflects that although defendants made several attempts to contact plaintiffs in late June 2021, only one settlement related call between defendants and a plaintiff (Dominguez) actually took place. Moreover, there is no indication that defendants made any threats during that call or that Dominguez – who hung up the phone immediately after telling defendants to call his lawyers – was intimidated. This conduct is insufficient to warrant the entry of a prior restraint. *See, e.g., Id.,* at *3-4 (finding that conduct of defendant's CEO failed to support a prior restraint where he sent an email threatening to "troll" plaintiff and to burn up the time of its legal team, made two calls regarding settlement, and posted a couple of negative Yelp reviews); *compare Myart,* 2016 WL 5376227, at *4 (enjoining plaintiff from communicating with defendants where he "crossed the line from civil communications with [d]efendants to harassment in connection with the suit").[3]

---

[3] The facts in *Myart* stand in sharp contrast to this case. In *Myart*, the Court found that plaintiff engaged in harassment "in the form of repetitive telephone calls, threats – either real or perceived – to Defendants' safety, contact with represented parties outside the presence of their attorney, and behavior that . . .

5

## CONCLUSION

For the reasons stated above, plaintiffs' motion for a miscellaneous order relating to defendants' conduct (Dckt. #37) is denied without prejudice to its renewal if there is an appropriate basis for seeking injunctive relief in the future. Defense counsel is ordered to serve a copy of this decision upon defendants at his earliest convenience.

**ENTERED: July 27, 2021**

_____
**Jeffrey I. Cummings**
**United States Magistrate Judge**

---

disrupted the daily functioning of the Office of Risk Management, the Finance Department, and City Hall." *Myart,* 2016 WL 5376227, at *4.